UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISETTE BARTON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARRIOTT INTERNATIONAL, INC. ) <br> d/b/a RENAISSANCE ATLANTA ) <br> WAVERLY HOTEL & CONVENTION ) <br> CENTER, ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION FILE NO. <br> _____ |

## NOTICE OF REMOVAL

COMES NOW **MARRIOTT INTERNATIONAL, INC. (erroneously sued as MARRIOTT INTERNATIONAL, INC. d/b/a RENAISSANCE ATLANTA WAVERLY HOTEL & CONVENTION CENTER)** (hereinafter "Defendant"), and within the time prescribed by law, hereby files this Notice of Removal and hereby removes Case No. 22-A-842 (the "State Court Action") from the State Court of Cobb County, State of Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, and specifically shows this Court as follows:

1

This Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Under 28 U.S.C. § 1441(b), no party properly joined and served as a defendant in this action is a citizen of Georgia, the state in which this action was filed.

As grounds for this removal, Defendant states as follows:

**I.   INTRODUCTION**

1. On March 10, 2022, Plaintiff Lisette Barton filed her Complaint for Damages in the State Court of Cobb County, Georgia (the "State Court Action") for injuries allegedly sustained on or about October 11, 2020 at the Renaissance Atlanta Waverly Hotel & Convention Center in Atlanta, Georgia. (Complaint, ¶¶ 7-8.) A copy of Plaintiff's *Complaint*, along with the *Summons*, is attached hereto as Exhibit 1.

2. Defendant was served on March 14, 2022. A copy of the *Affidavit of Service* is attached hereto as Exhibit 2. Defendant shows this Notice of Removal is filed within thirty (30) days from the date of said service of this suit. Accordingly, this notice of removal is timely pursuant to 28 U.S.C. § 1446(b).

3. Plaintiff's Complaint alleges negligence and state law tort claims against Defendant arising out of the subject incident. (Exhibit 1: Complaint, ¶¶ 5-29.)

4. Plaintiff alleges that the Defendant's negligence caused her serious injuries, which required surgery, as well as mental and physical pain and suffering. (Exhibit 1: Complaint, ¶¶ 15, 23-29.) Plaintiff seeks monetary damages for claimed past, present and future medical expenses, and for past, present and future mental and physical pain and suffering. (Id. at ¶¶ 25-29 and Wherefore ¶.) She also seeks lost wages of an unspecified amount, as well as all costs of this action. (Id. at Wherefore ¶.)

5. Defendant filed its *Answer and Affirmative Defenses of Defendant Marriott International, Inc. to Plaintiff's Complaint* ("Answer") in the State Court of Cobb County on April 7, 2022. A copy of the *Answer* is attached hereto as Exhibit 3.

## II. REMOVAL IS PROPER BECAUSE THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a).

6. This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of

different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

    **A.**    <u>**The Amount in Controversy Requirement Is Satisfied.**</u>

    7.    Although Plaintiff does not plead a specific damage figure she seeks to recover from Defendant, it is apparent from the Complaint and the other evidence discussed below that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2).

    8.    "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). When determining if the defendant has satisfied its burden to establish jurisdiction by a preponderance of the evidence, if the court cannot determine whether it is facially apparent from the complaint that the jurisdictional amount is in controversy, the court may consider facts alleged in the notice of removal, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied (i.e., affidavits, declarations or other documentation). *Id.; Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir. 1990).

9. Courts have held that the amount in controversy requirement may be sufficiently met based on the level of detail of alleged damages in a settlement offer and a pre-suit demand being greater than $75,000.00. *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007); *Patel v. Kroger Co.*, No. 1:13-CV-02901-JOF, 2013 WL 12068988, at *2 (N.D. Ga. Nov. 12, 2013). Furthermore, a defendant is not required to "prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.4d 744, 754 (11th Cir. 2010). Instead, district courts are permitted to make "reasonable deductions" and "reasonable inferences" and need not "suspend reality or shelve common sense in determining whether the face of the complaint… establishes the jurisdictional amount." *Id.* at 770. Courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1602 (11th Cir. 2010).

10. Here, Plaintiff alleges she has sustained serious physical injuries, and seeks damages for medical expenses, lost wages, and pain and suffering as a result of the subject incident. (Exhibit 1: Complaint, ¶¶ 15, 23-29 and Wherefore ¶.) Plaintiff claims she may continue to incur medical expenses, and may continue to suffer physical and mental pain and suffering, as well as other economic and non-

economic injuries. (Id. at ¶¶ 27-29 and Wherefore ¶.) Plaintiff claims she is also entitled to lost wages and all costs of this action, which presumably encompasses attorney's fees and expenses of this litigation. (Id. at Wherefore ¶.)

11. On January 3, 2022, Plaintiff made a demand to Defendant for $275,000 to settle Plaintiff's claims against Defendant. In her demand, Plaintiff contends that she has incurred at least $44,405.20 in medical bills in connection with injuries allegedly sustained from the subject incident.

12. Plaintiff's January 3, 2022 demand letter referenced Plaintiff's diagnoses of left ankle sprain, and a complex tear on the lateral meniscus and a probable tear of the medial meniscus, for which Plaintiff underwent a left knee meniscectomy.

13. Plaintiff's demand is greater than $75,000.00 and Plaintiff cannot shield this case from removal. *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007); *Patel v. Kroger Co.*, No. 1:13-CV-02901-JOF, 2013 WL 12068988, at *2 (N.D. Ga. Nov. 12, 2013); *Estate of Thornton ex. rel. Thornton v. Unum Life Ins. Co. of America*, 445 F. Supp. 2d 1379, 1382 (N.D. Ga. 2006); *See also Ray v. GPR Hospitality, LLC*, No. 1:14-CV-1309-CC, 2015 U.S. Dist. LEXIS 103615, at *10 (N.D. Ga. Aug. 7, 2015) (a $150,000.00 settlement offer was "clearly

indicative of Plaintiff's intent to recover damages above the jurisdictional threshold").

14. Based upon the allegations of the Complaint, the purported damages alleged in her demand, and the other damages Plaintiff is seeking to recover in this lawsuit, it appears in good faith that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

### B. Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.

15. There is complete diversity between Plaintiff and Defendant.

16. On information and belief, Plaintiff is a resident of the State of Florida and was a resident of the State of Florida on the date of the filing of the State Court Action.

17. Defendant Marriott International, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business located in Bethesda, Maryland. For purposes of subject matter jurisdiction, Marriott International, Inc. is not a citizen of the State of Georgia.

18. While Marriott International, Inc. will seek to substitute Renaissance Hotel Operating Company as the Defendant in this action given Marriott International, Inc. did not operate the subject hotel, Renaissance Hotel Operating

Company is also a corporation organized under the laws of the State of Delaware with its principal place of business located in Bethesda, Maryland.

### III.   PROCEDURAL REQUIREMENTS FOR REMOVAL

19.   In accordance with 28 U.S.C. § 1446(a), true and accurate copies of all process and pleadings served upon Defendant, and any other State Court filings in this matter, are attached collectively as Exhibit 4.

20.   Written notice of this Notice of Removal will be promptly given to all parties in this action.  Concurrently with the filing of this Notice of Removal, Defendant is filing a written notice with the Clerk of the State Court of Cobb County, a true and correct copy of the *Notice of Filing Notice of Removal to Federal Court* is attached hereto as Exhibit 5.

21.   Defendant has complied with all the provisions of 28 U.S.C. § 1446 governing the procedure for removal.  By virtue of 28 U.S.C. § 1441 and 28 U.S.C. § 1332 and based upon the allegations in Plaintiff's Complaint, the United States District Court for the Northern District of Georgia, Atlanta Division, has original jurisdiction over this matter.

22.   Defendant reserves the right to amend or supplement this Notice of Removal or to present additional arguments in support of its entitlement to remove this case.

WHEREFORE, Defendant respectfully requests this Court assume full jurisdiction over this case as provided by law, and that further proceedings in the State Court of Cobb County, State of Georgia be stayed. Defendant further demands that the trial of this matter in federal court be heard by a jury.

Respectfully submitted this 8th day of April, 2022.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ Jennifer L. Nichols*

_____
Maren R. Cave
Georgia State Bar No. 278448
Jennifer L. Nichols
Georgia Bar No. 001294
*Attorneys for Defendant Marriott International, Inc.*

1355 Peachtree St. N.E., Suite 300
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Facsimile:  (404) 888-6199
maren.cave@swiftcurrie.com
jennifer.nichols@swiftcurrie.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document was prepared in Times New Roman font, 14 point, and complies with Local Rules 5.1(C) and 7.1(D) of the Northern District of Georgia.

This 8th day of April, 2022.

                                            **SWIFT, CURRIE, McGHEE & HIERS, LLP**

                                            */s/ Jennifer L. Nichols*

                                            _____
                                            Maren R. Cave
                                            Georgia State Bar No. 278448
                                            Jennifer L. Nichols
                                            Georgia Bar No. 001294
                                            *Attorneys for Defendant Marriott International, Inc.*

1355 Peachtree St. N.E., Suite 300
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Facsimile:  (404) 888-6199
maren.cave@swiftcurrie.com
jennifer.nichols@swiftcurrie.com

# CETIFICATE OF SERVICE

I hereby certify that I have this day electronically transmitted *Notice of Removal* to the Clerk's Office using the CM/ECF System for filing and service, which will automatically send notification of such filing to the following attorneys of record and CM/ECF registrants:

Jeremy E. Citron
Joshua T. Moynihan
Citron Law Group
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345
jeremy@citronlawgroup.com
josh@citronlawgroup.com

This 8th day of April, 2022.

               **SWIFT, CURRIE, McGHEE & HIERS, LLP**

               */s/ Jennifer L. Nichols*
               _____
               Maren R. Cave
               Georgia State Bar No. 278448
               Jennifer L. Nichols
               Georgia Bar No. 001294
               *Attorneys for Defendant Marriott International, Inc.*

1355 Peachtree St. N.E., Suite 300
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
maren.cave@swiftcurrie.com
jennifer.nichols@swiftcurrie.com